(October 20, 1954.)

In the Matter of the Application of JAMES SMITH KELAHER for Admission to Practice as an Attorney. (From the District of Columbia.) — Application granted. Present — Nolan, P. J., Adel, Wenzel, MacCrate and Murphy, JJ.

In the Matter of the Application of WILLIAM HENRY KONOP for Admission to Practice as an Attorney. (From the State of Indiana.) — Application granted. Present — Nolan, P. J., Adel, Wenzel, MacCrate and Murphy, JJ.

(October 25, 1954.)

PETER VLAHAKIS et al., Doing Business as FIVE CORNERS SWEET SHOPPE, Respondents, v. HARRY SHARF, Doing Business as NATIONAL SODA FOUNTAIN Co., Appellant.— Motion referred to the court that rendered the decision. Present — Nolan, P. J., Wenzel, MacCrate, Beldock and Murphy, JJ. Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Adel, MacCrate, Schmidt and Murphy, JJ. [See 283 App. Div. 1087.]

BABYLON MILK & CREAM CO., INC., Appellant, v. LEO GERARD, Defendant, and "MARY" GERARD, Respondent.— In an action to have an alleged transfer or sale of a restaurant business, stock and fixtures declared to be void, and for other relief, for failure to comply with the requirements of section 44 of the Personal Property Law, plaintiff appeals from an order denying its motion for summary judgment and granting respondent's cross application to dismiss the complaint. Order modified by striking therefrom the second decretal paragraph and by adding to said order a provision that respondent's cross application be denied. As so modified, order unanimously affirmed, without costs. The disposition of appellant's motion was proper in view of the denial that any personal property was transferred to respondent. However, the latter did not set forth facts by documentary evidence or official records sufficient to defeat appellant's alleged cause of action. (*Levine* v. *Behn*, 282 N. Y. 120; *Lederer* v. *Wise Shoe Co.*, 276 N. Y. 459.) The record evidence shows that there was a transfer to her of real property. Such evidence does not necessarily establish that no personalty was transferred by other documents or orally. Present — Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ.